# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

GUY DEVITO, III                                                                           PLAINTIFF

v.                                2:17cv00184-JM-JJV

CROSS COUNTY JAIL                                            DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.    INTRODUCTION

Guy DeVito, III ("Plaintiff") is incarcerated at the Cross County Detention Center and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) His Complaint includes multiple allegations regarding conditions at the Cross County Detention Center. After careful review of Plaintiff's Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II.    SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.   ANALYSIS

Plaintiff's Complaint includes multiple allegations. Primarily, he complains about the conditions in the Cross County Detention Center, alleging there is black mold in the cells, there are no working sinks, there is raw sewage leaking from a toilet, drinking water is served in unsanitary containers, there is no television or recreation time, the average time between showers is seven to nine days, and detainees are given unwashed blankets and jumpsuits previously used by other detainees. (Doc. No. 1 at 1.) In addition to his conditions of confinement claim, Plaintiff also alleges the jail staff holds paperwork for five to nine months after a detainee is sentenced, resulting in delayed transport to the Arkansas Department of Correction; the staff uses drugs; there have been multiple escapes; and he has been out of medication for two weeks. (*Id.*)

As I noted in a prior Order (Doc. No. 4), Plaintiff's Complaint is deficient for several reasons. First, the only named Defendant is the Cross County Jail. As a department of local government, the jail is not a juridical entity amenable to suit under § 1983. *See Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). Second, Plaintiff's various claims appear to be factually unrelated to one another, making them unsuited for prosecution in a single action.

*See* Fed. R. Civ. P. 20(a)(2). Finally, as to all of his claims, Plaintiff's Complaint fails to plead enough facts to state a claim to relief that is plausible on its face. His conditions of confinement claim is his most developed claim, but it amounts to a list of deficiencies in the jail rather than an allegation that officials were deliberately indifferent to an excessive risk to his health or safety. *See Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995) (deliberate indifference standard for convicted inmates); *Whitnack v. Douglas Cty.*, 16 F.3d 954, 957 (8th Cir. 1994) (same standard for pretrial detainees). Plaintiff's remaining claims are unsupported by any specific facts.

I offered Plaintiff an opportunity to amend his Complaint to cure these deficiencies (Doc. No. 4 at 4), but he has not done so in the time allowed. His Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   Plaintiff's Complaint (Doc. No. 1) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.   Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3.   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

DATED this 5th day of December, 2017.

                                                                              _____
                                                                              JOE J. VOLPE
                                                                              UNITED STATES MAGISTRATE JUDGE